The document below is hereby signed.

Signed: May 25, 2010.



_____
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| MARY D. HENRY, | ) | Case No. 10-00160 |
| | ) | (Chapter 7) |
| Debtor. | ) | Not for Publication in |
| | ) | West's Bankruptcy Reporter |

MEMORANDUM DECISION AND
ORDER DIRECTING FRANCES SIMMONS TO DISGORGE FEES

Frances Simmons, a bankruptcy petition preparer, acknowledges that she has received $475 for document preparation services in this case.[1]  The court entered an order on March 23, 2009, stating:

> the debtor's statement of financial affairs reflects that the document was prepared by Ms. Simmons, yet Ms. Simmons neglected to sign the document.  The clerk's office issued a notice advising the debtor and Ms. Simmons of this deficiency, yet the error remains uncorrected.  Similarly, the deficiency notice advised the debtor and Ms. Simmons that Ms. Simmons had not signed the debtor's schedules.  If Ms. Simmons helped in the preparation of the debtor's schedules, she was

---

[1] Ms. Simmons apparently filed the debtor's petition (as the file includes a copy of her driver's license produced at the time of filing).  This presents an issue whether Ms. Simmons collected or received payment from the debtor or on behalf of the debtor for the filing fee in violation of 11 U.S.C. § 109(g), but this order does not address that issue.

>     required to sign those schedules.  Alternatively, if
>     Ms. Simmons did not assist in the preparation of the
>     schedules, it raises a question of whether the agreed
>     upon fee of $475 was reasonable.  In light of the
>     foregoing, it is . . .
>         ORDERED that within 14 days after entry of this
>     order, the debtor shall file an amended Statement of
>     Financial Affairs and amended schedules to include the
>     petition preparer's signature.  It is further
>         ORDERED that if Ms. Simmons fails to comply with
>     the foregoing, she is directed to show cause, by a
>     writing filed with this court, why any fee she has
>     received in connection with this bankruptcy case ought
>     not be disgorged.

When Ms. Simmons failed to respond to that order, a further order was entered 17 days later, on April 9, 2010, which directed that it was:

>     ORDERED that on **May 4, 2010, at 9:30 a.m.**, Ms. Simmons
>     shall appear at a hearing before this court to show
>     cause, if any she has, why any fee she may have
>     received in connection with this bankruptcy case ought
>     not be disgorged.

Ms. Simmons failed to appear at the hearing of May 4, 2010. Amended schedules and an amended statement of financial affairs have not been filed.

A petition preparer is supposed to be only a scrivener, putting to paper the information a debtor requests be put to paper.[2] A petition preparer is not authorized to practice law,

---

[2] The petition the debtor filed was defective for failure to provide an answer on the petition to an inquiry eliciting statistical/administrative information. When this defect was not corrected in response to an order to show cause, the case was dismissed on April 30, 2010. A competent petition preparer would have inquired of the debtor what response the debtor wished to make to the inquiry.

and cannot be compensated for engaging in the unauthorized practice of law.[3]  Compensation is limited to being a mere scrivener.  Even if Ms. Simmons had prepared the schedules and the statement of financial affairs, only nominal compensation was warranted, and surely not $475.[4]  In any event, Ms. Simmons has failed to respond twice to orders of the court directing her to show cause why her fees ought not be disgorged.  Under the circumstances, disgorgement of the entire fee is warranted.  It is thus

ORDERED that by June 2, 2010, Frances Simmons shall disgorge $475.00 by causing the Office of the United States Trustee to receive by June 2, 2010, a payment to the debtor in the form of a certified or cashier's check or U.S. Postal Service money order.  It is further

ORDERED that by June 4, 2010, Frances Simmons shall file a certificate reciting that she has complied with the requirement of the foregoing paragraph.  It is further

---

[3] Ms. Simmons filed a motion to vacate the order of dismissal in this case.  That constitutes the unauthorized practice of law, and Ms. Simmons is admonished that she will be in violation of the law if she engages in such conduct in the future.  (On its own motion, the court has vacated the order of dismissal because the debtor filed a corrected petition.)

[4] The schedules and the statement of financial affairs were not complicated.  The debtor's schedules listed **no** property (not even wearing apparel), scheduled only 15 creditors, and scheduled only Social Security payments as income.  The Statement of Financial Affairs answered "None" to each and every question.

ORDERED that the United States Trustee shall transmit the disgorgement payment to the debtor by hand or by mail, and file notice of such transmittal.

[Signed and dated above.]


Copies to:

Debtor

Frances Simmons
11101 Jade Court
Hagerstown, MD 21742

Office of the U.S. Trustee
115 South Union St.
Suite 210 Plaza Level
Alexandria, VA 22314

O:\TERI\Judge Teel Docs\Henry (Mary) Order for Petition Preparer to Disgorge Fees